**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **MARY PISKURA, Fiduciary of the Estate of Kevin Piskura, Deceased** <br> **7160 Brenda Lee Drive** <br> **Walton Hills, Ohio 44146** | ) ) ) ) ) | Case No. <br><br> Judge |
| **and** | ) ) | |
| **MARY PISKURA, Individually and as next of kin** <br> **7160 Brenda Lee Drive** <br> **Walton Hills, Ohio 44146** | ) ) ) ) ) | |
| **and** | ) ) | **C O M P L A I N T** |
| **CHARLES PISKURA, Individually and as next of kin** <br> **7160 Brenda Lee Drive** <br> **Walton Hills, Ohio 44146** | ) ) ) ) ) | **(Jury Demand Endorsed Hereon)** |
| **Plaintiffs** | ) ) | |
| **vs.** | ) ) | |
| **CITY OF OXFORD** <br> **101 East High Street** <br> **Oxford, Ohio 45056** | ) ) ) ) | |
| **and** | ) ) | |
| **OXFORD POLICE DEPARTMENT** <br> **101 East High Street** <br> **Oxford, Ohio 45056** | ) ) ) ) | |

|  |  |
|---|---|
| and | ) |
|  | ) |
| **STEPHAN D. SCHWEIN** | ) |
| **Former Chief of Oxford Police** | ) |
| **Department** | ) |
| **101 East High Street** | ) |
| **Oxford, Ohio 45056** | ) |
|  | ) |
| and | ) |
|  | ) |
| **GEOFF ROBINSON** | ) |
| **Oxford Police Department Officer** | ) |
| **101 East High Street** | ) |
| **Oxford, Ohio 45056** | ) |
|  | ) |
| **Defendants** | ) |

## JURISDICTION

1. Jurisdiction against the governmental Defendants is conferred upon this Court by 28 U.S.C. §1331 (federal question) and by the doctrine of pendent jurisdiction pursuant to 28 U.S.C. §1367.

## VENUE

2. Plaintiffs' claims herein arises out of an incident involving various police officers in the County of Butler, State of Ohio, and within this judicial district.

## PARTIES AND BACKGROUND

3. Plaintiff, Mary Piskura, has been appointed Fiduciary of the Estate of Kevin Piskura by the Cuyahoga County Probate Court and brings this survivorship action as the personal representative of the Estate of Kevin Piskura (hereinafter "Piskura"), for the exclusive benefit of the surviving next of kin of the deceased.

4. At all times mentioned herein, Plaintiff, Mary Piskura, was the mother and next of kin of Kevin Piskura, deceased.

5. At all times mentioned herein, Plaintiff, Charles Piskura, was the father and next of kin of Kevin Piskura, deceased.

6. At all times mentioned herein, Defendant, City of Oxford, is a government entity operating pursuant to the laws of the State of Ohio. Defendant, City of Oxford, is a public agency subject to suit.

7. At all times mentioned herein, Defendant, Oxford Police Department, is a government entity operating pursuant to the laws of the State of Ohio. Defendant, City of Oxford, is a public agency subject to suit.

8. At all times mentioned herein, Defendant, Stephan D. Schwein (hereinafter "Schwein"), was the Chief of Police for the Oxford Police Department at the time of the incident and was the ultimate decision maker for the Department.

9. At all times mentioned herein, Defendant, Robert Holzworth (hereinafter "Holzworth") is the current Chief of Police for the Oxford Police Department and is the ultimate decision maker for the Department.

10. At all times mentioned herein, Defendant, Geoff Robinson (hereinafter "Robinson"), was employed as a patrolman by the Oxford Police Department, and pursuant thereto, was acting in the course and scope of his employment therein and under color of state law.

11. At all times mentioned herein, Defendant, TASER International Inc., is a Delaware Corporation with its principal place of business in the State of Arizona, and pursuant thereto, designs, manufactures, fabricates, markets, sells and distributes, Electrical Control Devices (ECDs), including the X26 model.

12. At all times mentioned herein, the individual Defendant officers from the City of Oxford Police Department acted with deliberate indifference to the safety, security and well-being of the decedent, and were further reckless, willful and wanton in their conduct, including:

    a. Subjecting Decedent to unreasonable use of force;

    b. Selecting, retaining, and assigning employees with demonstrable propensities for excessive force, violence, and other misconduct;

    c. Failing to adequately train, supervise, and control employees in the dangers of repeated or prolonged TASER shocks, including, without limitation, the use of potentially lethal tactics, including multiple or prolonged TASER shocks, for the taking into custody of persons such as the decedent, who are perhaps intoxicated, but not otherwise engaged in criminal activity, and who may have pre-existing medical conditions which make such tactics unreasonably dangerous.

    d. Failing to implement protocols and train deputies in the proper way to contain, treat and secure persons such as the decedent who may be intoxicated.

    e. Failing to adequately discipline police officers involved in misconduct;

    f. Condoning and encouraging officers in the belief that they can violate the rights of persons such as the decedent in this action with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits, and

    g. Failing to promulgate, distribute and enforce reasonable ECD policies and procedures which not only limit the number and length of ECD applications but limits the use of ECDs to situations where a subject poses an immediate threat to the officer or member of the public.

13. On or about April 19, 2008 at approximately 2:00 a.m., the decedent, Kevin Piskura, was attending a Miami of Ohio University homecoming weekend and was a business invitee at the Brick Street Bar in Oxford, Ohio. While present, a verbal and/or physical altercation took place between the Brick Street Bar staff and various patrons.

14. During the altercation, Officer Geoff Robinson responded to the scene and observed the Decedent in a crowd outside the bar during an argument or altercation between bar staff and several patrons. At the scene Defendant Robinson ordered the decedent to step back or back away. According to several witnesses, decedent attempted to comply with his orders but Defendant Robinson suddenly and without justification discharged his X26 Electronic Control Device ("ECD") in probe mode striking the decedent in the chest with both ECD probes and subjecting the decedent to fifty thousand (50,000) volts of electricity for a period of eleven (11) continuous seconds.

15. According to multiple independent witnesses at the scene, including the parent of a Miami of Ohio college student, the decedent was not a threat to the officers or other bystanders present. Without any objective justification to do so and by unreasonably, inappropriately, and unnecessarily discharging an ECD into the chest of the decedent and subjecting the decedent to fifty thousand (50,000) volts of electricity for a period of eleven (11) continuous seconds, Defendant police officers overreacted, in an irresponsible manner, to the situation that confronted them, thereby amounting to the use of excessive force.

16. As a direct result of receiving an eleven (11) second shock from the TASER device, decedent, Kevin Piskura, went into cardiac arrest and became unresponsive at the scene. Following the incident, Kevin Piskura was in need of emergency medical care due to his medical condition. Defendant Robinson and other officers of the City of Oxford Police Department

displayed deliberate indifference to his condition and failed to timely provide or arrange for emergency medical care. Ultimately Piskura was transferred to a local hospital by ambulance, then life-flighted to a trauma center. The decedent was admitted to the Intensive Care Unit and subsequently died on April 24, 2008.

17. As a consequence of this incident, the decedent's death was attributed to anoxic encephalopathy and multiple system organ failure after cardiac arrest due to the officers' use of excessive force including the firing of a TASER ECD.

**Cause of Action of Mary Piskura, Fiduciary of the Estate of Kevin Piskura, Deceased**
**COUNT ONE**
**42 U.S.C. § 1983**

18. Plaintiffs incorporate by reference all of the foregoing allegations as if fully rewritten herein.

19. At all times mentioned herein, Plaintiffs and Decedent are citizens of the United States and thus entitled to the full benefits and equal protection of the Federal Constitution and all laws and regulations enacted thereunder.

20. In the manner aforementioned, the City and its officials, employees, agents, and representatives were acting at all times under the color of the statutes, ordinances, regulations, customs, and law.

21. In the manner aforementioned, the City and its officials, employees, agents, and representatives knowingly and purposely deprived decedent of his clearly established rights, privileges, and immunities as secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983.

22. The City's officials, employees, agents, and representatives knew, or should have known, that their acts and omissions as described herein were prohibited under federal law.

23. The City's mistreatment of decedent was perpetrated pursuant to the municipality's policies and customs.

24. The foregoing wrongful acts of the City, its officials, employees, agents, and representatives were a direct and proximate cause of the death of the Decedent.

25. As a direct and proximate result of the City's interference with Plaintiffs' and decedent's federal constitutional and statutory rights, they have suffered the aforementioned damages and losses which are expected to be ongoing.

## COUNT TWO
## WRONGFUL DEATH/RECKLESS, WILLFUL AND WANTON MISCONDUCT

26. Plaintiffs incorporate by reference all of the previous allegations contained in the foregoing as if fully rewritten herein.

27. At all times mentioned herein, Defendants received inadequate training in the use of TASER ECDs.

28. At all times mentioned herein, the Defendants owed the Decedent and Plaintiffs a duty of due care, and that duty was breached through their aforementioned reckless, willful and wanton misconduct which were a direct and proximate cause of Kevin Piskura's death.

29. At all times mentioned herein, the Defendants owed Decedent, Kevin Piskura, a duty of due care, and that duty was breached in that their reckless, willful and wanton misconduct in the training and supervision of officers, particularly with regard to incidents involving intoxicated persons such as the Decedent, and with regard to the use of an ECD.

30. At all times mentioned herein, the Defendants acted in a willful, wanton and reckless manner and the actions were a direct and proximate result of Kevin Piskura's death and Plaintiff's resulting damages.

31. As a direct and proximate result of Defendants' aforementioned conduct and negligence, Plaintiffs have incurred burial, funeral and other related expenses..

32. Plaintiff, Mary Piskura, Fiduciary of the Estate of Kevin Piskura, therefore, says that she has been injured and damaged in a sum in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000.00).

## COUNT THREE
### Deliberate Indifference to Serious Medical Needs
### Federal Claim – 1983 – Fourteenth Amendment Substantive Due Process
### (Against Individual Defendant Officer Geoff Robinson only)

33. Plaintiff incorporates by reference all of the previous allegations contained in the foregoing as if fully rewritten herein.

34. Defendant Officers deprived decedent Kevin Piskura the rights, privileges, and immunities secured by the Constitution and laws of the United States by acting with deliberate indifference to his serious medical needs under Fourteenth Amendment substantive due process.

35. After being shocked for 11-seconds by Defendant Robinson's X26 ECD, Kevin Piskura lay motionless on the ground.  Defendant Robinson did nothing to evaluate Piskura's medical condition.

36. In an attempt to illicit a response from Kevin Piskura, Oxford Police Officer Jones, who arrived at the scene approximately 30-seconds after the completion of the ECD discharge, shook Piskura and yelled at him to get up but Piskura did not respond, and, in fact, remained motionless and non-verbal.

37. Officer Jones, who was a trained EMT, applied a sternal rub to Kevin Piskura by pressing the knuckle of his finger into Piskura's chest to illicit a response to this painful stimuli. Piskura did not respond and remained motionless on the ground.

8

38. Despite Kevin Piskura's obvious grave medical condition, neither Defendant Robinson nor any other member of the Oxford Police Department initiated or performed CPR on Piskura for nearly ten minutes while they waited for paramedics to arrive at the scene.

39. Defendant Robinson knew, or had reason to know, that Decedent was in need of immediate emergency medical aid and failed to take reasonable and immediate action to provide such medical aid to the Decedent.

40. Defendant Robinson was deliberately indifferent to the rights of the Decedent by failing to take reasonable and immediate action to provide proper medical aid for him even though he knew that Decedent was in need of immediate emergency medical care.

41. As a direct and proximate result of Defendant's deliberate indifference to his serious medical needs, Kevin Piskura suffered severe anoxic encephalopathy (a lack of oxygen to the brain) which resulted in systemic organ failure and, ultimately, his death, and the Plaintiffs suffered the damages outlined herein

42. Plaintiff, Mary Piskura, Fiduciary of the Estate of Kevin Piskura, therefore, says that she has been injured and damaged in a sum in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000.00).

## COUNT FOUR
## SURVIVORSHIP

43. Plaintiffs incorporate by reference all of the statements and allegations contained in the foregoing as if fully rewritten herein.

44. As a direct and proximate result of the defendants' aforementioned misconduct and negligence, the decedent incurred substantial medical expenses prior to his death.

9

45. As a direct and proximate result of the Defendants' aforementioned misconduct and negligence, the Decedent was caused to suffer severe pain and mental anguish from the time of the incident until the time of his death, including knowledge of his impending death or injury.

46. As a direct and proximate result of Defendants' aforementioned misconduct and negligence, the deceased, Kevin Piskura, was caused to sustain severe and conscious physical, emotional, and mental pain during the time of the incident.

47. The conduct of the individual Defendants was willful, malicious, oppressive and in reckless disregard for the rights of the Plaintiffs and the decedent himself, thus justifying punitive damages against the Defendants.

48. Plaintiff's therefore say that they have been injured and damaged in a sum in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000.00) in compensatory and punitive damages.

**Cause of Action of Plaintiff, Mary Piskura and Charles PiskuraIndividually and as Next of Kin**

**COUNT ONE**
**SURVIVORSHIP/LOSS OF CONSORTIUM**

49. Plaintiffs, Mary Piskura and Charles Piskura, individually and as next of kin, incorporates by reference all of the previous allegations as if fully rewritten herein.

50. As a direct and proximate result of the Defendants' aforementioned misconduct and negligence, Plaintiffs have forever lost the decedent's support, love, comfort and society, and have sustained emotional distress.

51. As a direct and proximate result of Defendants' aforementioned misconduct and negligence, Plaintiffs have incurred burial, funeral and other related expenses.

52. Plaintiff's therefore say that they have been injured and damaged in a sum in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000.00) in compensatory and punitive damages.

WHEREFORE, Plaintiff, Mary Piskura, Fiduciary of the Estate of Kevin Piskura, prays for judgment against the Defendants jointly and/or severally in a sum in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000.00) for her Cause of Action in compensatory damages; and Plaintiffs, Mary Piskura and Charles Piskura, individually and as next of kin, pray for judgment against the Defendants jointly and/or severally in a sum in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000.00) damages for their Cause of Action; all together with their costs herein.

### JURY DEMAND

Trial by jury is hereby demanded.

RESPECTFULLY SUBMITTED,

s/W. Craig Bashein_____
W. CRAIG BASHEIN (#0034591)
BASHEIN & BASHEIN CO., L.P.A.
35th Floor
Terminal Tower
50 Public Square
Cleveland, Ohio 44113
216-771-3239
216-781-5876 Facsimile
cbashein@basheinlaw.com

*and*

s/Paul W. Flowers_____
PAUL W. FLOWERS (#0046625)
PAUL W. FLOWERS CO., L.P.A.
Terminal Tower, 35th Floor
50 Public Square

Cleveland, Ohio 44113
16-344-9393
216-344-9395 Facsimile
pwf@pwfco.com

*and*

s/Peter M. Williamson_____
PETER M. WILLIAMSON
*Pro Hac Vice Counsel*
The Williamson Law Firm
20750 Ventura Blvd., Ste. 345
Woodland Hills, CA 91364
818-226-5700
818-226-5704 Facsimile
pmw@pwilliamsonlaw.com

*and*

s/John Burton_____
JOHN BURTON
*Pro Hac Vice Counsel*
4 East Holly Street, Ste. 201
Pasadena, California 91103
626-449-8300
626-449-4417 Facsimile
jb@johnburtonlaw.com

*and*

s/John D. Holschuch_____
JOHN D. HOLSCHUCH, JR.
600 Vine Street
Cincinnati, Ohio 45202
513-721-4450
513-852-5994 Facsimile
jdh@santen-hughes.com

*Attorneys for Plaintiffs*