## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **MARY PISKURA**, Fiduciary of the Estate of Kevin Piskura, Deceased<br>7160 Brenda Lee Drive<br>Walton Hills, Ohio 44146 | Case No. 1:13-cv-00106<br><br>Judge HERMAN J. WEBER |
| and | |
| **MARY PISKURA**, Individually and as next of kin<br>7160 Brenda Lee Drive<br>Walton Hills, Ohio 44146 | |
| and | **FIRST AMENDED COMPLAINT** |
| **CHARLES PISKURA**, Individually and as next of kin<br>7160 Brenda Lee Drive<br>Walton Hills, Ohio 44146 | **(Jury Demand Endorsed Hereon)** |
| Plaintiffs | |
| vs. | |
| **CITY OF OXFORD**<br>101 East High Street<br>Oxford, Ohio 45056 | |
| and | |
| **OXFORD POLICE DEPARTMENT**<br>101 East High Street<br>Oxford, Ohio 45056 | |
| Defendants | |

## JURISDICTION

1. Jurisdiction against the governmental Defendants is conferred upon this Court by 28 U.S.C. §1331 (federal question) and by the doctrine of pendent jurisdiction pursuant to 28 U.S.C. §1367.

## VENUE

2. Plaintiffs' claims herein arises out of an incident involving various police officers in the County of Butler, State of Ohio, and within this judicial district.

## PARTIES AND BACKGROUND

3. Plaintiff, Mary Piskura, has been appointed Fiduciary of the Estate of Kevin Piskura by the Cuyahoga County Probate Court and brings this survivorship action as the personal representative of the Estate of Kevin Piskura (hereinafter "Piskura"), for the exclusive benefit of the surviving next of kin of the deceased.

4. At all times mentioned herein, Plaintiff, Mary Piskura, was the mother and next of kin of Kevin Piskura, deceased.

5. At all times mentioned herein, Plaintiff, Charles Piskura, was the father and next of kin of Kevin Piskura, deceased.

6. At all times mentioned herein, Defendant, City of Oxford, is a government entity operating pursuant to the laws of the State of Ohio. Defendant, City of Oxford, is a public agency subject to suit.

7. At all times mentioned herein, Defendant, Oxford Police Department, is a government entity operating pursuant to the laws of the State of Ohio. Defendant, City of Oxford, is a public agency subject to suit.

9. At all times mentioned herein, TASER International Inc. ("TASER"), is a

Delaware Corporation with its principal place of business in the State of Arizona, and pursuant thereto, designs, manufactures, fabricates, markets, sells and distributes, Electrical Control Devices (ECDs), including the X26 model.

10. On or about April 19, 2008 at approximately 2:00 a.m., the decedent, Kevin Piskura, was attending a Miami of Ohio University homecoming weekend and was a business invitee at the Brick Street Bar in Oxford, Ohio. While present, a verbal and/or physical altercation took place between the Brick Street Bar staff and various patrons.

11. During the altercation, Officer Geoff Robinson responded to the scene and observed the Decedent in a crowd outside the bar during an argument or altercation between bar staff and several patrons. At the scene Officer Robinson ordered the decedent to step back or back away. According to several witnesses, decedent attempted to comply with his orders but Officer Robinson discharged his TASER X26 Electronic Control Device ("ECD") in probe mode striking the decedent in the chest with both ECD probes and subjecting the decedent to fifty thousand (50,000) volts of electricity for a period of eleven (11) continuous seconds.

12. As a direct result of receiving an eleven (11) second shock from the TASER device, decedent, Kevin Piskura, went into cardiac arrest and became unresponsive at the scene. Ultimately Piskura was transferred to a local hospital by ambulance, then life-flighted to a trauma center. The decedent was admitted to the Intensive Care Unit and subsequently died on April 24, 2008.

13. Following a medical examination, the decedent's death was attributed to anoxic encephalopathy and multiple system organ failure after cardiac arrest due to the electric current that had been discharged by the TASER ECD.

## COUNT ONE

## WRONGFUL DEATH/RECKLESS, WILLFUL AND WANTON MISCONDUCT

17. Plaintiffs incorporate by reference all of the previous allegations contained in the foregoing as if fully rewritten herein.

18. The TASER ECD that directly and proximately killed the Decedent had been defectively and improperly designed, manufactured, assembled, marketed, and distributed. No warnings were furnished of the weapon's potential dangers and hazards by those who were legally responsible to do so. The manufacturer(s) and supplier(s) of the weapon acted with the conscious disregard for the rights and safety of others, while knowing of the substantial certainty of harm.

19. As a direct and proximate result of the wrongful death of the Decedent, his surviving beneficiaries have been (1) deprived of his support, services, society, and prospective inheritance, (2) forced to endure great mental anguish, and (3) required to suffer other potential losses compensable under R.C. 2125.02 and potentially other provisions of Ohio law. These damages and losses are permanent and will be ongoing indefinitely.

## COUNT TWO
## SURVIVORSHIP

20. Plaintiffs incorporate by reference all of the statements and allegations contained in the foregoing as if fully rewritten herein.

21. As a direct and proximate result of the fatal discharge of electrical current by the TASER ECD, the decedent incurred substantial medical bills and expenses prior to his death.

22. As a direct and proximate result of the fatal discharge of electrical current by the TASER ECD, the decedent was caused to suffer severe pain and mental anguish up to the moment of his death, including knowledge of his impending demise.

## COUNT THREE
## LOSS OF CONSORTIUM

23. Plaintiffs, Mary Piskura and Charles Piskura, individually and as the natural parents of the decedent, incorporate by reference all of the previous allegations as if fully rewritten herein.

24. As a direct and proximate result of the fatal discharge of electrical current by the TASER ECD, Plaintiffs have forever lost the decedent's support, love, comfort and society, and have sustained severe emotional distress. These damages and losses are permanent and will be ongoing indefinitely.

25. As a direct and proximate result of the fatal discharge of electrical current by the TASER ECD, Plaintiffs have incurred burial, funeral and other related expenses.

## PRAYER

**WHEREFORE**, Plaintiffs pray for judgment against the individuals and entities found to be legally liable for the death of Kevin Piskura, Deceased, jointly and severally, in the amount of $10,000,000.00 in compensatory damages, $100,000,000.00 in punitive damages, reasonable attorney fees, litigation expenses, and the cost of this action. Trial by jury is demanded upon all issues.

RESPECTFULLY SUBMITTED,

s/W. Craig Bashein
W. CRAIG BASHEIN (#0034591)
BASHEIN & BASHEIN CO., L.P.A.
35th Floor
Terminal Tower
50 Public Square
Cleveland, Ohio 44113
216-771-3239
216-781-5876 Facsimile
cbashein@basheinlaw.com

*and*

s/Paul W. Flowers_____
PAUL W. FLOWERS (#0046625)
PAUL W. FLOWERS CO., L.P.A.
Terminal Tower, 35th Floor
50 Public Square
Cleveland, Ohio 44113
16-344-9393
216-344-9395 Facsimile
pwf@pwfco.com

*and*

s/Peter M. Williamson_____
PETER M. WILLIAMSON
*Pro Hac Vice Counsel*
The Williamson Law Firm
20750 Ventura Blvd., Ste. 345
Woodland Hills, CA 91364
818-226-5700
818-226-5704 Facsimile
pmw@pwilliamsonlaw.com

*and*

s/John Burton_____
JOHN BURTON
*Pro Hac Vice Counsel*
4 East Holly Street, Ste. 201
Pasadena, California 91103
626-449-8300
626-449-4417 Facsimile
jb@johnburtonlaw.com

*and*

s/John D. Holschuh_____
JOHN D. HOLSCHUH, JR.
600 Vine Street, Suite 2700
Cincinnati, Ohio 45202
513-721-4450

513-852-5994 Facsimile  
jdh@santen-hughes.com

*Attorneys for Plaintiffs*